*Sheraz v. Blanche*

BIA
Reid, IJ
A240 739 564/563/565/566

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of April, two thousand twenty-six.

PRESENT:
> JON O. NEWMAN,
> RICHARD J. SULLIVAN,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

_____

FARHAT SHERAZ, MUHAMMAD SHERAZ
BHATTI, M.S., M.S.S.,

> *Petitioners*,

> v.

> 25-833
> NAC

TODD BLANCHE, ACTING UNITED STATES
ATTORNEY GENERAL,

　　　　　*Respondent.**

_____

FOR PETITIONERS:　　　　　Usman B. Ahmad, Esq., Long Island City, NY.

FOR RESPONDENT:　　　　　Brett A. Shumate, Assistant Attorney General;
　　　　　　　　　　　　　Anthony C. Payne, Assistant Director; Jeffery
　　　　　　　　　　　　　R. Leist, Senior Litigation Counsel, Office of
　　　　　　　　　　　　　Immigration Litigation, United States
　　　　　　　　　　　　　Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of
Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND
DECREED that the petition for review is DENIED, and Petitioners' motion for a
stay of removal and the government's motion to expedite are DENIED as moot.

Petitioners Farhat Sheraz, Muhammad Sheraz Bhatti, and their two minor
children, natives and citizens of Pakistan, seek review of a March 18, 2025 decision
of the BIA affirming a September 18, 2024 decision of an Immigration Judge ("IJ")
denying asylum, withholding of removal, and relief under the Convention
Against Torture ("CAT") and ordering removal to Pakistan and, in the alternative,
Brazil.  *In re Farhat Sheraz, et al.*, Nos. A240 739 564/563/565/566 (B.I.A. Mar. 18,

---

* The Clerk of Court is respectfully directed to amend the caption as set forth above.

2

2025), *aff'g* Nos. A240 739 564/563/565/566 (Immig. Ct. N.Y. City Sept. 18, 2024). We assume the parties' familiarity with the underlying facts and procedural history.

We review an IJ's decision as modified and supplemented by the BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). In addressing the agency's determinations related to past persecution and a well-founded fear of persecution, we review "the entirety of the agency's conclusions [–] both the underlying factual findings and the application of the [Immigration and Nationality Act] to those findings [–] for substantial evidence." *Urias-Orellana v. Bondi*, 607 U.S. ___, 146 S. Ct. 845, 851–52 (2026). We likewise review factual challenges to CAT relief for substantial evidence, *Nasrallah v. Barr*, 590 U.S. 573, 583–84 (2020), but we review constitutional claims *de novo*, *Dale v. Barr*, 967 F.3d 133, 138 (2d Cir. 2020).

## I. The Agency Did Not Err in Rejecting Petitioners' Claims With Respect to Pakistan.

An applicant for asylum and withholding of removal bears the burden to demonstrate "a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *KC v. Garland*, 108 F.4th 130, 134 (2d Cir. 2024) (for asylum standard);

3

*see also Pan v. Holder*, 777 F.3d 540 (for withholding standard). "[A]n applicant [who] establishes past persecution . . . 'is presumed to have a well-founded fear of persecution[,]'" but "[t]he government . . . may rebut that presumption if 'there has been a fundamental change in circumstances' or 'the applicant could avoid future persecution by relocating to another part of the applicant's country of nationality.'" *KC*, 108 F.4th at 134–35 (quoting *Singh v. Garland*, 11 F.4th 106, 114 (2d Cir. 2021)). The agency did not err in finding that Petitioners failed to demonstrate a well-founded fear of persecution in Pakistan.

### A. Substantial Evidence Supports the Agency's Conclusion that Petitioners Did Not Establish An Unrebutted Presumption of Well-Founded Fear of Persecution in Pakistan.

"[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive." *Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) (internal quotation marks omitted). In evaluating a claim of past persecution, the agency must consider the harm suffered in the aggregate. *See Poradisova v. Gonzales*, 420 F.3d 70, 79–80 (2d Cir. 2005) (admonishing IJ for "apparent (and erroneous) technique of addressing the severity of each event in isolation"). Generally, "threats of persecution, no matter how credible, do not demonstrate past persecution." *Huo Qiang Chen v. Holder*, 773 F.3d 396, 406 (2d

4

Cir. 2014). "To warrant a different conclusion, an applicant must adduce objective evidence that the threat was so imminent or concrete or so menacing as itself to cause actual suffering or harm." *Scarlett v. Barr*, 957 F.3d 316, 328 (2d Cir. 2020) (citations and internal quotation marks omitted); *see also KC*, 108 F.4th at 135 (2d Cir. 2024). Contrary to Petitioners' contention, the agency considered all incidents of harm suffered in Pakistan cumulatively and was not compelled to conclude that Petitioners' being slapped once each and being subject to a religious verdict on account of their mixed-religion marriage rose to the level of persecution, particularly when any threat that they felt as a result of the verdict was not imminent or menacing given that they lived in Pakistan for years without harm after it issued. *See Mei Fun Wong*, 633 F.3d at 72 (distinguishing persecution from other offensive behaviors).

As to the harm inflicted on Bhatti by members of the Muttahida Qaumi Movement ("MQM"), the agency did not err in finding that Bhatti failed to establish a nexus to a protected ground. "In cases where there is more than one motive for mistreatment . . . an applicant's [protected] status . . . must be at least one of the central reasons, rather than a minor reason, for why that individual [was] targeted." *Garcia-Aranda v. Garland*, 53 F.4th 752, 757 (2d Cir. 2022). In

5

other words, "[a] protected ground cannot be incidental or tangential to another reason for harm." *Quituizaca v. Garland*, 52 F.4th 103, 114–15 (2d Cir. 2022) (internal quotation marks omitted). Petitioners admitted that, although MQM members mentioned once that some customers at Bhatti's store wore inappropriate clothing and threatened to tell his family his whereabouts, their motive in targeting Bhatti was primarily designed to extort money to strengthen their organization. *See id.* (determining that the record did not compel the agency to conclude that petitioner's indigenous ethnicity was "one central reason" for gang abuse when the circumstances suggested that gang members were motivated by criminal incentives); *Paloka v. Holder*, 762 F.3d 191, 196–97 (2d Cir. 2014) ("Whether the requisite nexus exists depends on the views and motives of the persecutor." (internal quotation marks omitted)).

Even if Bhatti had established a fear of past persecution, the government still has rebutted the "presumption" that "past persecution" establishes "a well-founded fear of [future] persecution." *KC*, 108 F.4th at 134–35. That is because the agency did not err in finding that Petitioners could safely relocate within Pakistan to avoid future persecution. *Id.* ("[T]he government . . . may rebut that presumption if . . . the applicant could avoid future persecution by relocating to

6

another part of the applicant's country of nationality." (internal quotation marks omitted)). In fact, Petitioners lived elsewhere in Pakistan and successfully avoided their families from 2008 until 2019 when Sheraz joined Bhatti in Brazil. *See Singh v. BIA*, 435 F.3d 216, 219 (2d Cir. 2006) ("Asylum in the United States is not available to obviate re-location to sanctuary in one's own country.").

B. **Substantial Evidence Supports the Agency's Conclusion that Petitioners Have Not Established A Well-Founded Fear of Future Persecution.**

Even without the rebuttable presumption that past persecution establishes fear of future persecution, an applicant may still demonstrate a well-founded fear of future persecution, "which requires that the alien . . . establish that his fear is objectively reasonable." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004); *see also* 8 C.F.R. § 1208.13(b)(2). But here, the agency reasonably concluded that Petitioners did not have a well-founded fear on account of their mixed-religion marriage because, again they still lived in Pakistan for years without being harmed as a result of the threat and verdict issued in 2008 and 2009. *See Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . [an applicant's] fear is speculative at best."); *cf. Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (finding a fear of future persecution

weakened when similarly situated family members remain unharmed in petitioner's native country). And, as discussed above, Petitioners failed to establish that MQM was interested in targeting them on account of a protected ground as required to establish a well-founded fear of persecution. 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(B)(i), 1231(b)(3)(A).

Because Petitioners failed to demonstrate a well-founded fear of persecution on account of their marriage or a nexus to the harm Bhatti suffered and feared from MQM, they did not establish their eligibility for asylum and withholding of removal as to Pakistan. *See* 8 U.S.C. § 1101(a)(42), 1158(b)(1)(B)(i), 1231(b)(3)(A), (C); *see also Pan*, 777 F.3d at 543; *Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010) ("[When an applicant] fails to demonstrate the . . . chance of persecution required for the grant of asylum, he necessarily fails to demonstrate the clear probability of future persecution required for withholding of removal." (citations and internal quotation marks omitted)).

### C. The Agency Did Not Err in Rejecting Petitioners' Claims of CAT Relief From Torture in Pakistan.

Petitioners' claim for CAT relief from torture in Pakistan is abandoned. A CAT applicant must establish that he will "more likely than not" be tortured by or with the acquiescence of foreign government officials. *Garcia-Aranda*, 53 F.4th at

8

758–59 (quoting 8 C.F.R. §§ 1208.16(c)(2)); *see* 1208.18(a)(1) (defining torture as by, or at the "acquiescence of, a public official acting in an official capacity"). The agency denied CAT relief from torture in Pakistan because Petitioners did not establish that they would be tortured if they returned or that that Pakistani government officials would acquiesce in such torture, and because Petitioners had previously avoided harm by relocating within Pakistan. Petitioners' arguments on appeal – that the agency ignored evidence that a religious verdict remained active and erred in finding the absence of recent physical harm – do not address or challenge the agency's dispositive finding that Petitioners failed to establish a likelihood of torture because they had safely relocated within Pakistan. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (internal quotation marks omitted)). That finding disposes of Petitioners' CAT-relief claim, *see Garcia-Aranda*, 53 F.4th at 758–59 (providing that CAT requires both likely torture and sufficient state action or acquiescence), and, thus, we are "not required" to reach the alternative acquiescence finding, *Bagamasbad*, 429 U.S. at 25.

## II.    The Agency Did Not Err in Rejecting Petitioners' Claims With Respect to Brazil.

The agency found that Petitioners did not establish their eligibility for asylum and withholding of removal as to Brazil because they failed to establish past persecution, a well-founded fear of persecution, a nexus between the harm suffered and feared and a protected ground, an inability or unwillingness of the Brazilian government to protect them from persecution, a pattern or practice of persecution of Muslims or Pakistanis, or that relocation to avoid persecution was not possible.  Certified Admin. R. at 7.  Although Petitioners argue that they demonstrated a nexus between the past harm and their ethnicity and religion, that Brazilian officials were unable and unwilling to protect them, and that the agency erred in finding that they could safely relocate within Brazil, Petitioners do not challenge the agency's alternative dispositive findings that they failed to demonstrate a well-founded fear of future persecution in Brazil.  They have therefore abandoned that argument.  *See Debique*, 58 F.4th at 684 ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (internal quotation marks omitted)).  And because the failure to establish a well-founded fear of future persecution is fatal to Petitioner's claims for asylum,

10

withholding of removal, and CAT relief, we must deny those claims as they pertain to Brazil.

### III. The IJ's Denial of a Continuance Did Not Violate Due Process.

Finally, contrary to Petitioners' contention, the agency did not violate due process in denying them a continuance to submit evidence that their children are independently at risk of persecution. An IJ's denial of a request for a continuance does not ordinarily implicate a constitutional claim; "IJs are accorded wide latitude in calendar management," and such decisions are reviewed "under a highly deferential standard of abuse of discretion." *Morgan v. Gonzales*, 445 F.3d 549, 551 (2d Cir. 2006). An IJ "may grant a motion for continuance for good cause shown," 8 C.F.R. § 1003.29, and "abuse[s] his discretion in denying a continuance [only] if (1) his decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding or (2) his decision [–] though not necessarily the product of a legal error or a clearly erroneous factual finding [–] cannot be located within the range of permissible decisions," *Morgan*, 445 F.3d at 551–52 (alterations adopted and citations and internal quotation marks omitted). Moreover, "[p]arties claiming denial of due process in immigration cases must, in order to prevail, allege some cognizable prejudice fairly attributable

11

to the challenged process." *Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008) (citations and internal quotation marks omitted).

The IJ did not "abuse [her] discretion" or deprive Petitioners of a full and fair opportunity to present their claims by refusing to delay proceedings while they tried to obtain a letter from an individual who had previously refused to provide one. *Morgan*, 445 F.3d at 551; *see also Wei Sun v. Sessions*, 883 F.3d 23, 31 (2d Cir. 2018) ("[T]he alien bears the ultimate burden of introducing such evidence without prompting from the IJ." (quoting *Chuilu Liu v. Holder*, 575 F.3d 193, 198 (2d Cir. 2009))). Petitioners also failed to establish that the IJ's denial of a continuance prejudiced them because they did not subsequently produce the letter that they sought time to procure. *See Garcia-Villeda*, 531 F.3d at 149 (finding no prejudice where "additional procedural protections" would not have changed alien's removal order). Accordingly, the agency did not violate Petitioners' due process rights. *Id.* (rejecting due process claims in "[t]he absence of the requisite prejudice").

\*　　\*　　\*

12

For the foregoing reasons, the petition for review is DENIED.   Petitioners'
motion for a stay of removal and the government's motion to expedite are
DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court